**HAYES | WAKAYAMA | JUAN**
DALE A. HAYES, JR., ESQ.
Nevada Bar No. 9056
LIANE K. WAKAYAMA, ESQ.
Nevada Bar No. 11313
5798 S Durango Drive, Suite 105
Las Vegas, Nevada 89113
(702) 656-0808 – Telephone
(702) 655-1047 – Facsimile
dhayes@hwlawNV.com
lkw@hwlawNV.com
  *Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID LEVY, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF HENDERSON *ex rel.* HENDERSON POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER DANIEL MEDRANO, an individual; OFFICER RAYMOND CANALES, an individual; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | Case Number: <br> 2:22-cv-02124-GMN-DJA <br><br> **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

☒ **SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**
- or -
☐ **SPECIAL SCHEDULING REVIEW REQUESTED**

Plans requesting special scheduling review shall include, in addition to the information required by Fed. R. Civ. P. 26(f) and LR 26-1(b), a statement of the reasons why longer or different time periods should apply to the case or, in cases in which the parties disagree as to the form or contents of the discovery plan, a statement of each party's position on each point in dispute.

## I.
## PRIOR PROCEEDINGS

**A.  DATE OF FILING OF ANSWER BY FIRST ANSWERING DEFENDANT:**

Defendants Answer to Plaintiff's Complaint was filed on January 18, 2023 [ECF 008].

**B.    DATE THE FED. R. CIV. P. 26(f) CONFERENCE WAS HELD:**

The conference required by Federal Rule of Civil Procedure ("FRCP") 26(f) and LR 26-1, was held on February 8, 2023. The conference was telephonically attended by Dale A. Hayes, Jr., Esq., of the law firm of Hayes Wakayama Juan, attorney for Plaintiff David Levy and Craig R. Anderson, Esq., of the law firm of Marquis Aurbach, attorney for Defendants Henderson Police Department, Ofc. Medrano and Ofc. Canales.

## II.
## DISCOVERY PLAN:

**A.    TIME REQUIRED FOR DISCOVERY:**

    **1.    Plaintiff's view:**

    Six months.

    **2.    Defendants' view:**

    Six months.

**B.    WHAT CHANGES, IF ANY, SHOULD BE MADE IN TIMING, FORM OR REQUIREMENTS FOR DISCLOSURES UNDER 26(a):**

    **1.    Plaintiff's view:**

    None.

    **2.    Defendant's view:**

    None.

**C.    WHEN INITIAL DISCLOSURES WERE MADE OR WILL BE MADE:**

    1.    Plaintiff's disclosures:    February 22, 2023
                                                                          enter calendar date

    2.    Defendant's disclosures:    February 13, 2023
                                                                            enter calendar date

**D.     SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED:**

**1.     Plaintiff's view:**

Discovery on all of the claims and defenses asserted by Plaintiff and Defendants including, but not limited to, the circumstances surrounding Plaintiff's presence at Ford County on December 22, 2020 and December 23, 2020, the HPD officer's investigation into the same, the arrest and physical incident between HPD officers and Plaintiff, HPD's excessive force investigation, Plaintiff's injuries and treatment and any other relevant matter.

**2.     Defendant's view:**

Discovery on all of the claims and defenses asserted by Plaintiff and Defendants including, but not limited to, the circumstances surrounding Plaintiff's presence at Ford County on December 22, 2020 and December 23, 2020, the HPD officer's investigation into the same, the arrest and physical incident between HPD officers and Plaintiff, HPD's excessive force investigation, Plaintiff's injuries and treatment and any other relevant matter.

**E.     SHOULD DISCOVERY BE CONDUCTED IN PHASES OR LIMITED TO OR FOCUSED UPON PARTICULAR ISSUES?**

**1.     Plaintiff's view:**

No.

**2.     Defendant's view:**

No

**F.     STATE ANY ISSUES ABOUT DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED.**

**1.     Plaintiff's view:**

None.

**2.     Defendant's view:**

None.

G. **STATE ANY ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING—IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THESE CLAIMS AFTER PRODUCTION—WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER.**

    1. **Plaintiff's view:**

None at this time, but the parties will meet and confer if and when any privilege or confidential issues arise.

    2. **Defendant's view:**

Not applicable at this time.

H. **WHAT CHANGES, IF ANY, SHOULD BE MADE IN LIMITATIONS ON DISCOVERY IMPOSED UNDER THESE RULES AND WHAT, IF ANY, OTHER LIMITATIONS SHOULD BE IMPOSED?**

    1. **Plaintiff's view:**

None.

    2. **Defendant's view:**

None.

I. **WHAT, IF ANY, OTHER ORDERS SHOULD BE ENTERED BY THE COURT UNDER RULE 26(c) OR RULE 16(b) AND (c)?**

    1. **Plaintiff's view:**

None.

    2. **Defendant's view:**

None.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III.
## DISCOVERY AND MOTION DATES:

A.  **DATES AGREED BY THE PARTIES:**

1.  Close of discovery: <u>July 17, 2023</u>
    enter calendar date
    (Discovery periods longer than 180 days from the date the first defendant answers or appears will require special scheduling review)

2.  Final date to file motions to amend pleadings or add parties (without a further court order): <u>April 18, 2023</u>
    enter calendar date
    (Not later than 90 days before close of discovery)

3.  Final dates for expert disclosures:

    (a)  Initial disclosure: <u>May 18, 2023</u>
    enter calendar date
    (Not later than 60 days before close of discovery)

    (b)  Rebuttal disclosures: <u>June 17, 2023</u>
    enter calendar date
    (Not later than 30 days after initial disclosure of experts)

4.  Final date to file dispositive motions: <u>August 16, 2023</u>
    enter calendar date
    (Not later than 30 days after discovery cut-off date)

5.  Joint Pretrial Order: <u>September 15, 2023</u>
    enter calendar date
    (Not later than 30 days after date set for dispositive motions)

**B.     IF APPLICABLE, STATEMENT OF THE REASONS WHY LONGER OR DIFFERENT TIME PERIODS SHOULD APPLY TO THE CASE OR, IN CASES IN WHICH THE PARTIES DISAGREE AS TO THE FORM OR CONTENTS OF THE DISCOVERY PLAN, A STATEMENT OF EACH PARTY'S POSITION ON EACH POINT IN DISPUTE:**

    **1.     Plaintiff's view:**

    Not applicable.

    **2.     Defendant's view:**

    Not applicable.

**C.     ALTERNATIVE DISPUTE RESOLUTION:**

The undersigned certify that they met and conferred about the possibility of using alternative dispute-resolution processes.

**D.     ALTERNATIVE FORMS OF CASE DISPOSITION:**

The undersigned certify that they considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program.

**E.     ELECTRONIC EVIDENCE:**

☐ A jury trial has not been demanded.

☒ A jury trial has been demanded and the undersigned certify that they discussed whether the parties intend to present evidence in electronic format to jurors for the purposes of jury deliberations, and the following stipulations were reached regarding providing

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

discovery in an electronic format compatible with the court's electronic jury evidence display system.

Dated this 22nd day of February, 2023

**HAYES | WAKAYAMA | JUAN**

By: */s/ Dale A. Hayes, Jr., Esq.*
DALE A. HAYES, JR., ESQ.
Nevada Bar No. 9056
LIANE K. WAKAYAMA, ESQ.
Nevada Bar No. 11313
5798 S Durango Drive, Suite 105
Las Vegas, Nevada 89113
*Attorneys for Plaintiff*

Dated this 23rd day of February, 2023

**MARQUIS AURBACH**

By: */s/ Craig R. Anderson, Esq.*
CRAIG R. ANDERSON, ESQ.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendants Henderson Police Department, Ofc. Medrano and Ofc. Canales*

**ORDER**

IT IS SO ORDERED:

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: February 24, 2023